Crone, Judge, concurring.
[1] I fully concur as to issue II. I also concur as to issue I, but only reluctantly, and only because we are bound by our supreme court's restrictive approach to recognizing statutorily created private rights of action. See Gordon , 952 N.E.2d at 186-88 (finding no private right of action under record-retention statute); see also Doe # 1 , 81 N.E.3d at 202-04 (finding no private right of action under statute prohibiting Department of Child Services from identifying reporters of child abuse). As noted above, our supreme court has said that "[w]hen a statute expressly provides one enforcement mechanism, courts may not engraft another." Doe # 1 , 81 N.E.3d at 204. Indiana Code Section 16-19-3-18(b) provides that the State Department of Health "may bring an action to enforce" Title 16, which includes the record-production statute, and that "[t]he court in such an action has jurisdiction to compel or enforce the provisions of this title by injunction." An enforcement action would be futile in cases like this one, where the medical records at issue have been destroyed. Were it not for our supreme court's holding in Gordon , I would be inclined to hold that Shirey has a private right of action against Dr. Flenar under the record-production statute, which was designed primarily to protect individual patients and, at least in this situation, is incapable of being enforced by the State Department of Health.